Howell, J.
This is a branch of the suit No. 5552 between some of the same parties, and the relator here alleges that after he applied in *213 the lower court for the suspensive appeal, the sheriff of Iberville withdrew the keeper from the possession of the property seized in the suit of Gay v. Supple, thereby delivering to said defendant. After which the other sheriff was succeeded in office by E. P. Durand, upon whom the writs of mandamus and prohibition, just passed on, were served, and whom the relator then requested to comply therewith by taking into his possession the said property, improperly released by his predecessor ; but the said Durand refused to do so, thus violating the writ of prohibition issued by this court, and he asks for a mandamus to compel said sheriff to obey the order of this court by taking possession of all the property seized by his predecessor in the said suit of Gay v. Supple, and that said sheriff be punished for contempt of court.
The sheriff in his answer recites all the proceedings in this matter, and states that upon receipt of the orders or writs from this court above alluded to he did take into his possession all the said property seized by his predecessor under the writ of seizure and sale in said suit of Gay v. Supple, and disclaims any contempt of court.
The difficulty in these somewhat irregular proceedings has grown out of the force and effect given by the district judge to the original injunction and the subsequent orders in relation thereto. There is, doubtless, some confusion and discrepancy as to the date of the seizure against which the injunction was first obtained. Our first opinion treated the seizure as having been made before the issuance of the injunction, and as it appears from the reasons given by the judge for refusing the appeal now sought that the injunction issued under the provisions of article 739 C. P., which, for specific causes, pérmits the arrest of the sale of property seized under the writ, we are justified in the supposition that the sheriff had made the seizure. This would have been the regular course in such cases'. But if it is true as both parties seem to admit, that the sheriff had not taken actual possession of the mortgaged property when served with the injunction, it may well be considered that the judge’s order to revive the injunction which had been set aside under article 307 C. P., was in its effect, under the circumstances, equivalent to the issuing of a new writ of injunction and that the seizure then existing was enjoined. The property was certainly in the hands of the sheriff under a writ of seizure and sale and we do not find that said writ was set aside, and it certainly was and is the duty of the sheriff to hold the property under the suit until the injunction arresting its further execution is disposed of, notwithstanding the irregularities that have occurred. The writ of provisional seizure was expressly set aside and the injunction reissued or *214 reinstated, but the executory process was not annulled or ordered to be vacated. If the injunction has any force, it is in arresting the sale under said process.
As the sheriff', however, has done what the relator seeks in this proceeding and has possession of the property under the writ of seizure and sale, it is unnecessary to render the order prayed for herein. The object of relator’s proceeding is accomplished.
It is therefore ordered that the rule herein be dismissed} but it is ordered that the sheriff hold possession of the property.